```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**SHARON CUROLE, et al**                                   **CIVIL NO. 2:11-cv-02238**

**VERSUS**                                                 **JUDGE IVAN LEMELLE**

**MARK STARRING, et al**                                   **MAG. SALLY SHUSHAN**

## ORDER

Considering Plaintiff's Motion to Stay Proceedings Pending Remand (Rec. Doc. No. 14),

**IT IS ORDERED** that said motion is hereby **GRANTED,** staying all proceedings pending transfer as an MDL action to the Northern District of Ohio.  Plaintiffs refer to a "forthcoming" motion to remand.  However, no such motion has been filed.  Moreover, by the time such motion is filed and briefed by all parties, it is likely that resolution of MDL transference will have occurred.  Absent any showing of prejudice, and given the likelihood of common issues of prescription and joinder of non-diverse defendants in other related product liability cases involving an "HSR" hip implant, staying all proceedings best serves the policies of efficiency and consistency of pre-trial rulings. *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D.La. 2000); *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788 (E.D.La. 1995).  According to the Court's case management and electronic filing system, there are at

least fifteen related cases involving the subject device and the same non-diverse defendant, Starring. Some of those cases have been transferred to the MDL court and most have stay orders of all proceedings pending likely transfer.

New Orleans, Louisiana, this 19TH day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE